IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**BOBBY G. CUMMINGS, SR.**                                                             **PLAINTIFF**

VS.                                           CIVIL ACTION NO. 3:05CV29-WHB-JCS

**METROPOLITAN LIFE INSURANCE COMPANY**                     **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on Plaintiff Bobby G. Cummings' Motion for Reconsideration. Having considered the Motion and the Response, the Court finds that it should be denied.

In an Opinion and Order dated May 4, 2006, (hereinafter "May 4 Opinion") and filed with the Clerk of the Court on the same day under docket entry no. 22, this Court granted the Motion for Summary Judgment of Defendant Metropolitan Life Insurance Company. A Final Judgment which dismissed this case with prejudice was also entered on May 4, 2006. Aggrieved by the holdings in the May 4 Opinion and the dismissal of his case, Plaintiff filed the subject Motion for Reconsideration on June 24, 2004. That Motion is now ripe for decision.

Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure. A judgment or order may be altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law or fact exists; (2) the movant uncovered new evidence

that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. <u>Schiller v. Physicians Res. Group, Inc.</u>, 342 F.3d 563, 567 (5th Cir. 2003)(citations omitted).  The United States Court of Appeals for the Fifth Circuit set forth the following additional factors to consider when entertaining such a motion: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. <u>Sturges v. Moore</u>, 73 Fed. App'x 777, 778 (5th Cir. 2003) (citing <u>Ford v. Elsbury</u>, 32 F.3d 931, 937-38 (5th Cir. 1994)).

Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. <u>Atkins v. Marathon Le Torneau Co.</u>, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." <u>Id.</u>

In the Subject Motion for Reconsideration, Plaintiff presents one argument that warrants consideration under the standards set

forth above.  In the May 4 Opinion, the Court did not make specific reference to a medical record provided by Dr. Elmo P. Gabbert, Plaintiff's family practice doctor.  Dr. Gabbert opined that Plaintiff could not lift objects weighing over twenty-one pounds. Administrative Record, Bates Stamp no. 120.  Plaintiff argues that such a restriction prohibits him from performing the job of Boiler Room Supervisor.

The Court agrees that if Plaintiff was *permanently* prohibited from lifting weight of twenty-one or more pounds, then he would not be able to perform the Boiler Room Supervisor job.  The Court notes, however, that Dr. Gabbert's report contains no such *permanent* restriction.  Dr. Gabbert states that improvement in Plaintiff's medical condition is expected as soon as three to six months from the date of the report. Id.  Further, the Court notes that Dr. Gabbert is a family practice doctor, who has less expertise in evaluating a patient's ability to work than that of Dr. Dear, a cardiologist, and Dr. St.Clair, who is board certified in occupational medicine.  The opinions of Drs. Dear and St.Clair are set forth in the May 4 Opinion.  Their opinions form much of the foundation on which the Court based its holdings in the May 4 Opinion.

After further consideration of the opinion of Dr. Gabbert, the Court stands by its finding that Defendant Metropolitan Life Insurance Company did not abuse its discretion in denying Plaintiff

3

Cummings' claim for long-term disability benefits.  Accordingly, the Motion for Reconsideration must be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (docket entry no. 24) is hereby denied.

SO ORDERED this the 5th day of July, 2006.


                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE
tct